40TH JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. JOHN THE BAPTIST

STATE OF LOUISIANA

DOCKET NO. 86270 DIVISION C

JOHN FERNANDEZ AND SANDRA FERNANDEZ

VERSUS

STATE FARM FIRE AND CASUALTY COMPANY

FILED: ______________________ ______________________ DEPUTY CLERK

St. John The Baptist
Filed Sep 08, 2026 3:14 PM
Deputy Clerk of Court
E-File Received Sep 08, 2026 1:38 PM
C-86270
C

**PETITION FOR DAMAGES**

NOW INTO COURT, through undersigned counsel, come Plaintiffs, JOHN FERNANDEZ AND SANDRA FERNANDEZ, in the above-entitled action, who files this Petition against the Defendant(s) named herein, and in support thereof, respectfully represents the following:

1.

Plaintiff, JOHN FERNANDEZ, is a person of the full age of majority and domiciled in the Parish of St. John the Baptist, State of Louisiana. Plaintiff, SANDRA FERNANDEZ, is a person of the full age of majority and domiciled in the Parish of St. John the Baptist, State of Louisiana.

2.

Made defendant herein is:

STATE FARM FIRE AND CASUALTY COMPANY, a foreign insurance company which, upon information and belief, is incorporated under the laws of Illinois and has its principal place of business in the State of Illinois.

3.

Venue is proper in this court pursuant to Louisiana Code of Civil Procedure article 76 because it is the parish where the loss occurred or the insured is domiciled.

4.

Plaintiffs own property located at 1605 E. Frisco Drive, LaPlace, Louisiana 70068 (hereinafter, "Property").

5.

Defendant issued a policy of insurance covering Plaintiffs' Property, which was in full force and effect at the time of the loss asserted herein. The policy number is believed to be 188467300. All lawful terms of the insurance policy are plead and incorporated by reference.



EXHIBIT A

6.

The policy of insurance requires, in pertinent part, that Defendant provide coverage for property damage rendered to Plaintiffs' property, including contents, that is the result of an accident, whether natural in cause or not, and the policy is required to comply with the provisions of Louisiana law.

7.

The insured property was damaged directly and/or indirectly due to severe weather conditions, including but not limited to wind and/or hail, for which insurance coverage should be afforded. According to documents pertinent to this claim and/or to the best of Plaintiffs' knowledge and recollection, that damage occurred on or around September 11, 2024. To the extent evidence later indicates that the insured property sustained damage directly and/or indirectly during severe weather event(s) occurring as early as September 8, 2024, Plaintiffs are asserting a claim herein for those damages, and insurance coverage should be afforded for same. Plaintiffs further alleges that the damages sustained to the subject property may have been exacerbated by subsequent severe weather events – *i.e.*, severe weather events that occurred after September 11, 2024 – for which a claim is being asserted herein and for which coverage should be afforded.

8.

As a result thereof, the property requires or will require repairs and replacements, as well as appropriate cleaning and other remedial measures, and potentially additional living expenses incurred. Specifically, Plaintiffs have identified damage to the property's roof, exterior and interior.

9.

Plaintiffs gave notice to Defendant of such loss and gave Defendant ample opportunity and/or information to fully and accurately adjust Plaintiffs' losses and expenses incurred as a result thereof.

10.

Defendant assigned claim number 1873T747D to identify the loss.

11.

To date, Defendant has not fulfilled its obligations pursuant to the insurance policy. Defendant has also failed to establish that it had reasonable proof that it was not responsible for the payment of insured damages and/or loss under the terms of the contract of insurance at issue

and has failed to pay the requested amounts for repairs and/or replacement, plus applicable interest, pursuant to the terms of the policy of insurance.

12.

All conditions precedent to the filing of this action have been complied with, met, or otherwise waived.

**FIRST CAUSE OF ACTION: BREACH OF CONTRACT**

13.

Paragraph 1-12 of this Petition and the allegations contained therein are incorporated as though fully copied herein *in extenso.*

14.

The property insurance covering Plaintiffs' property is a valid contract for insurance between Plaintiffs and Defendant.

15.

Plaintiffs have sustained losses that are covered by the policy, made a claim for said losses, and sought recovery for said losses from Defendant under the provisions contained in the policy.

16.

Despite Plaintiffs' payment of premiums for insurance protection, and despite the obligations of Defendant to properly adjust all insurance claims and pay for losses caused by storm damage, Defendant failed to perform under the policy.

17.

Defendant has violated the insurance contract conditions setting forth its obligations related to loss adjustment. Defendant has failed to perform under the policy of insurance by:

a. Not thoroughly investigating the claim;

b. Not paying the claim despite obvious damages;

c. Not tendering the proceeds due under the policy in a timely fashion; and/or,

d. Not acting reasonable under the circumstances.

**SECOND CAUSE OF ACTION: BAD FAITH**

18.

Paragraph 1-17 of this Petition and the allegations contained therein are incorporated as though fully copied herein *in extenso.*

19.

Upon information and belief, despite its having conducted an inspection of Plaintiffs' property, Defendant has denied, without sufficient or valid justification or cause, coverage for all or part of the Plaintiffs' damages.

21.

Upon information and belief, despite having gathered facts during its inspection of the subject property sufficient to ascertain the true amount of the loss sustained to Plaintiffs' property, Defendant has, without sufficient or valid justification or cause, delayed issuance of insurance claim payments.

22.

Upon information and belief, Defendant breached the duties of good faith and fair dealing set forth in La. R.S. 22:1892 and 22:1892.2 by:

a. Breaching its affirmative duty to adjust the claim fairly;

b. Failing to pay the amount of the claim due the Plaintiffs within thirty (30) days after receiving satisfactory proof of the loss;

c. Breaching its affirmative duty to make a reasonable effort to settle claims with Plaintiffs;

d. Arbitrarily, capriciously, or without probable cause failing to pay the amount of the claim due within sixty (60) days after receiving satisfactory proof of the loss; and/or,

e. Misrepresenting the cause or scope of the loss.

**DAMAGES**

23.

As a result of Defendant's action and/or inaction as set forth above, Plaintiffs have sustained substantial losses and other damages to be proven at trial, including penalties and attorney's fees.

24.

Plaintiff claims the following damages:

a. Costs of repairing the Plaintiff's property;

b. General damages;

c. Bad faith damages under La. R.S. 22:1892;

d. Bad faith damages under La. R.S. 22:1892.2;



EXHIBIT A

e. Bad faith damages under Civil Code Article 1997;

f. Moratory damages under Civil Code Article 2000;

g. Attorney Fees;

h. Court Costs;

i. Expert and consultant fees; and

j. Other damages to be amended, presented in the Pretrial Order, and/or proven at the trial of this matter.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that the Defendant be served with citation and a copy of this Petition, to appear and answer this Petition for Damages and that after due proceedings, that there be judgment herein in favor of Plaintiffs and against Defendant, STATE FARM FIRE AND CASUALTY COMPANY, in an amount equal to the sum of all the following and be entered herein as follows:

1. Awarding all sums due to Plaintiffs under the policy on account of the insured losses arising from damage to the insured property;
2. Awarding all other consequential damages, both foreseeable and unforeseeable, that relate to Defendant's breach of contract, including the costs and attorney's fees incurred in bringing this action;
3. Awarding all applicable statutory penalties, costs, and fees recoverable under La. R.S. 22:1892 and 22:1892.2;
4. Awarding all costs of these proceedings;
5. Awarding pre-judgment and post-judgment interest from the date of loss until paid or as allowed by law; and
6. Awarding any such other and further relief which the Court deems necessary and proper at law and in equity and that may be just and reasonable under the circumstances of this matter.

**[SIGNATURE BLOCK ON FOLLOWING PAGE]**

Respectfully Submitted,

AVERILL & REANEY
ATTORNEYS AT LAW LLC

MATTHEW J. AVERILL (LA #37020)
BRIAN G. REANEY, II (LA #38382)
AIMEE THIBERT (LA# 32241)
216 N. Columbia St., Suite A
Covington, LA 70433
Phone: (985) 378-8001
Fax: (985) 378-8002
Email: maverill@arlawllc.net
Email: breaney@arlawllc.net
Email: athibert@arlawllc.net
Email: driley@arlawllc.net
Email: kthomas@arlawllc.net
Email: monica@arlawllc.net

**PLEASE SERVE:**

STATE FARM FIRE AND CASUALTY COMPANY
Through its registered agent:

Louisiana Secretary of State
Legal Services Section
8585 Archives Ave.
Baton Rouge, LA 70809

I HEREBY CERTIFY THAT THE ABOVE AND FOREGOING IS A TRUE AND CORRECT COPY OF THE ORIGINAL ON FILE AND OF RECORD IN MY OFFICE
Annie Baker #200714
DY. CLERK OF COURT
PARISH OF ST. JOHN THE BAPTIST, LA
DATE 9/9/2026



EXIBIT A